SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------- X

ROBERT HUNTER BIDEN,

                Plaintiff,

   -against-

FOX NEWS NETWORK, LLC; FOX CORPORATION;
and JOHN and JANE DOES 1-100,

                Defendants.

----------------------------------------------------------------- X

Index No.:

**SUMMONS**

Plaintiff designates New York County as the place of trial.

The basis of venue is Defendants' residence and location of events pursuant to CPLR § 503.

To the Above-Named Defendants:

**You are hereby summoned** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys at the address below within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
           June 30, 2024

GERAGOS & GERAGOS, APC

By:   */s/ Tina Glandian*

Tina Glandian, Esq.
256 5th Avenue
New York, New York 10001
(213) 625-3900
tina@geragos.com

*Attorneys for Plaintiff Robert Hunter Biden*

TO:    FOX NEWS NETWORK, LLC
       1211 Avenue of the Americas
       New York, NY 10036

       FOX CORPORATION
       2121 Avenue of the Stars, Suite 900
       Los Angeles, CA 90067

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 15

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------ X
ROBERT HUNTER BIDEN,

               Plaintiff,

  -against-

FOX NEWS NETWORK, LLC; FOX CORPORATION;
and JOHN and JANE DOES 1-100,

               Defendants.
------------------------------------------------------------------------ X

Index No.:

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

Plaintiff ROBERT HUNTER BIDEN ("Plaintiff" or "Mr. Biden"), by his attorneys Geragos & Geragos, APC, as and for his Complaint, hereby alleges:

**STATEMENT OF FACTS**

1. Beginning in 2020, as part of their politically motivated attacks against the President and his family, Defendants FOX NEWS NETWORK, LLC, FOX CORPORATION, and JOHN and JANE DOES 1-100 (hereafter collectively "Defendants" or "Fox") targeted Mr. Biden in an effort to harass, annoy, alarm, and humiliate him, and tarnish his reputation.

2. To this end, and without Mr. Biden's consent,[1] Fox produced an entirely fictional six-part "mock trial" entitled "The Trial of Hunter Biden", which first became available for streaming on Fox Nation on October 21, 2022. The miniseries was described by Fox as "a riveting look at the unresolved legal situation of President Joe Biden's son, Hunter." As Fox explained, the mock trial captures "how a possible Hunter Biden trial *might* look." (Emphasis added).

---

[1] As acknowledged in the miniseries, "Mr. Hunter Biden has not authorized this exercise, he is not participating in this trial in any fashion, and has had no involvement in the preparations."

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.



3. Far from reporting on a newsworthy event, Fox sought to commercialize Mr. Biden's personality through a form of treatment distinct from the dissemination of news or information. Indeed, the entire miniseries is fictionalized and based on a nonexistent criminal case. The two charges which are the subject of the mock trial are (1) whether Mr. Biden violated the Foreign Agents Registration Act ("FARA"), and (2) whether he committed bribery—neither of which Mr. Biden has been charged with. As Judge Joe Brown, a longtime TV judge and the "presiding judge" in the miniseries, states at the outset of the program: "This is a mock trial. It is not a real proceeding. To be clear, Hunter Biden has not been implicated in or charged in any crimes arising from his activities, alleged activities. Of course, this is not a real trial. It is a mock trial." In other words, the miniseries is fictionalized; it is not a news event. It was made for the purpose of trade and advertising, and merely exploits Mr. Biden's name, image, and likeness for Fox's commercial benefit.

4. Notwithstanding the fictional premise of the series—which was intended solely as entertainment and not as news—the so-called "evidence" which is presented during the mock trial includes actual emails sent to and from Mr. Biden as well as actual photographs depicting him

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(including nonconsensual intimate images which are the subject of this action, as discussed below). Additionally, the mock trial features individuals acting as themselves as witnesses testifying on behalf of the prosecution including John Paul Mac Isaac—the Delaware shop owner who obtained a laptop which he claims Mr. Biden dropped off at his repair shop—and Miranda Devine, a New York Post columnist and Fox News contributor who authored the book *Laptop from Hell: Hunter Biden, Big Tech, and the Dirty Secrets the President Tried to Hide*.

5. While using certain true information, the series intentionally manipulates the facts, distorts the truth, narrates happenings out of context, and invents dialogue intended to entertain. Thus, the viewer of the series cannot decipher what is fact and what is fiction, which is highly damaging to Mr. Biden.

6. In addition to the unlawful commercial exploitation of Mr. Biden's image, name, and likeness, "The Trial of Hunter Biden" unlawfully publishes numerous intimate images (both still and video) of Mr. Biden depicting him in the nude, depicting an unclothed or exposed intimate part of him, as well as engaged in sex acts (hereafter the "Intimate Images").

7. Fox published and disseminated these Intimate Images to its vast audience of millions as part of an entertainment program in order to humiliate, harass, annoy, and alarm Mr. Biden and to tarnish his reputation. It should be noted that when these same images were posted on Twitter (now X) as part of an organized effort by exiled Chinese billionaire Guo Wengui and his followers, Twitter promptly had these images removed as violative of its revenge porn policies and other terms of service. *See, e.g.,* Ryan Bort, *Republicans Are Furious Twitter Took Down Pics of Hunter Biden's Penis,* Rolling Stone (Feb. 8, 2023), *available at* https://www.rollingstone.com/politics/politics-news/republicans-twitter-took-down-hunter-biden-dick-pics-1234675974/.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

8. In publishing and disseminating these Intimate Images, Fox knew that these private and confidential images were hacked, stolen, and/or manipulated digital material which were intended to remain private and confidential, but which had been unlawfully procured and disseminated without Mr. Biden's consent.

9. The unlawful publication and dissemination of the Intimate Images by Fox was not made for a legitimate public purpose, where the miniseries featuring a mock trial is not accurately reporting on newsworthy events but rather, is a fictionalized trial of a nonexistent case against Mr. Biden, produced for entertainment purposes.

10. "The Trial of Hunter Biden" was widely advertised and it was originally available for streaming on Fox Nation, as well as other streaming platforms including DirecTV, Apple TV, Roku Channel, and YouTube TV.

11. In addition to Fox Nation's two million paid subscribers, it is reported that DirecTV has around 11.3 million subscribers in the U.S., Apple TV has around 25 million paid subscribers and an additional 50 million viewers who access the service via promotions, Roku Channel has around 81.6 million active accounts worldwide, and YouTube TV has more than 8 million subscribers. On information and belief, the reach of the Intimate Images in "The Trial of Hunter Biden" was extensive.

12. On April 23, 2024, attorneys for Mr. Biden sent Fox a demand to, *inter alia*, remove "The Trial of Hunter Biden" from all of its streaming platforms including Fox Nation, to direct third-party streaming services to remove "The Trial of Hunter Biden" from their respective streaming platforms, and to preserve evidence related to Fox's unlawful publication and dissemination of the Intimate Images.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                       RECEIVED NYSCEF: 06/30/2024

Case 1:24-cv-04954   Document 1-1   Filed 07/01/24   Page 6 of 15

13. On or about April 30, 2024, Fox removed "The Trial of Hunter Biden" from Fox Nation's streaming platform. However, promotional reels and clips of the mocu-series have not been removed by Fox. For instance, one such reel posted on Fox Nation's Facebook page on October 18, 2022 has 3,400 views and is still accessible as of the date of this filing. *See* https://www.facebook.com/foxnation/videos/the-trial-of-hunter-biden-now-streaming/1405624696633819/.

14. On information and belief, "The Trial of Hunter Biden" is still available for streaming on certain third-party streaming platforms. Clips of "The Trial of Hunter Biden" containing the Intimate Images of Mr. Biden also remain accessible online and in the public domain.

15. On information and belief, subscribers who downloaded "The Trial of Hunter Biden" prior to its removal from Fox Nation on or about April 30, 2024 may forever possess, watch, duplicate, and/or further disseminate the program containing the Intimate Images of Mr. Biden.

16. The unauthorized publication and dissemination of the Intimate Images has caused Mr. Biden severe emotional distress, humiliation, and mental anguish, as well as irreparable injury to his personal and professional reputation.

17. Mr. Biden brings this action under New York Civil Rights Law Section 52-b seeking monetary damages and injunctive relief for Defendants' gross wrongdoing. He also asserts claims for the intentional infliction of emotional distress and for unjust enrichment.

18. On information and belief, Fox's publication and dissemination of the Intimate Images was a knowing, intentional, and calculated violation of the law, warranting punitive damages.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

6                                                                                              6 of 15

19. As one of the leading media conglomerates in the world, Fox has a robust in-house legal department which includes separate practice groups for litigation, labor and employment, intellectual property content protection, compliance, corporate governance, standards and practices, music, distribution, sports, digital and data security, and mergers and acquisitions. Fox also has a designated Chief Legal and Policy Officer, who oversees all legal, compliance, and regulatory matters for Fox, and it has a General Counsel and Deputy General Counsel, as well as outside counsel and special legal advisers.

20. The fact that Fox pays substantial salaries and fees to such counsel for its oversight and handling of legal and compliance matters has been widely reported. By way of example, according to a Securities & Exchange Commission (SEC) filing dated August 9, 2023, Viet Dinh, who was the Chief Legal and Policy Officer of Fox Corporation from 2018 until the end of 2023 (which covers the period in which "The Trial of Hunter Biden" was produced and first made available for streaming), earned $12.1 million in total compensation at the end of 2020, $12.4 million at the end of 2021, $11.2 million at the end of 2022, and $10.7 million at the end of 2023. Upon his departure as the Chief Legal Officer of Fox, Mr. Dinh received a $23 million cash settlement and Fox agreed to pay him $5 million for a two-year term as a "special adviser."

21. On information and belief, the reason Fox maintains a robust legal department and pays hefty amounts to such counsel is because it knows that the laws affecting its operations are ever-changing. For instance, in its 2022 and 2023 Annual Report to shareholders, Fox explained that "[t]he Company is subject to complex laws, regulations, rules, industry standards, and contractual obligations related to privacy and personal data protection, which are evolving, inconsistent and potentially costly." Fox represented that it "monitors and considers these laws and regulations, particularly with respect to the design and operation of digital content services

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

7 of 15

and legal and regulatory compliance programs" and that "the Company expends significant resources to comply with privacy and data protection laws." Fox even forewarned its shareholders that "[v]iolations of [such] laws and regulations could result in significant monetary fines and other penalties, private litigation, require us to expend significant resources to defend, remedy and/or address, and harm our reputation."

22. On information and belief, during the production of "The Trial of Hunter Biden," and certainly prior to the date on which the series first became available for streaming on Fox Nation on October 21, 2022, Fox knew that the majority of states had in effect laws against the nonconsensual disclosure of sexually explicit images and videos (also known as "revenge porn" laws). Specifically, on information and belief, Fox knew that its use of the Intimate Images in "The Trial of Hunter Biden" would violate New York state's revenge porn laws including New York Civil Rights Law Section 52-b and Penal Law Section 245.15 (making the unlawful dissemination or publication of an Intimate Image a class A misdemeanor), which had been in effect since September 21, 2019.

23. On information and belief, despite knowing that the publication and dissemination of the Intimate Images would violate New York civil and criminal laws, Fox chose to publish and disseminate the Intimate Images in blatant violation of the law.

24. This would not be the first time that Fox *knowingly* engaged in unlawful conduct. For instance, in the recent Dominion Voting Systems ("Dominion") lawsuit against Fox (which Fox settled at the start of trial for $787.5 million), internal text messages and emails produced during discovery revealed that the fact-checking and research division of the network (the so-called "Brain Room") had clearly concluded that the claims that Dominion's voting machines had been

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

rigged to steal the 2020 presidential election were false but that Fox chose to air this misinformation anyway to retain viewers for financial reasons.

25. On information and belief, in an analogous situation here, Fox disregarded the known legal implications of unlawfully publishing and disseminating the Intimate Images in order to humiliate, harass, annoy, and alarm Mr. Biden, to tarnish his reputation, and for financial gain. In other words, like in the Dominion case, Fox knew its conduct was unlawful but it did it anyway.

26. Defendants' conduct was so egregious and done so clearly with malice and/or reckless indifference to Mr. Biden's interests, wellbeing, and reputation that in addition to all the damages which Mr. Biden is entitled to, Defendants should also be required to pay punitive damages to punish them for their intentional conduct and to deter Fox and others similarly situated from engaging in such reprehensible conduct in the future.

## THE PARTIES

27. Plaintiff Robert Hunter Biden is an individual residing in Los Angeles, California. He is the son of President Joe Biden. He is a Georgetown- and Yale-educated lawyer, businessperson, and artist. He is married and has children.

28. Defendant Fox News Network, LLC ("Fox News") is formed and organized under the laws of Delaware and it has its principal place of business in New York, New York. It is reportedly the most-watched cable news network in the U.S.

29. A companion to Fox News, Fox Nation is an American subscription video on demand service, which offers, among other things, next-day streaming of Fox News primetime programs. According to its website, "FOX Nation is an *entertainment* streaming service brought to you by FOX News." *See* https://help.fox.com/s/article/Getting-Started-with-FOX-Nation (emphasis added). On information and belief, Fox Nation is currently the only subscription video-

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

on-demand from Fox. As of February 26, 2024, Fox Nation reportedly had over two million paid subscribers and is said to bring in about $140 million in annual revenue.

30. Defendant Fox News is wholly owned by Defendant Fox Corporation, an American multinational mass media company which is incorporated in Delaware and has its principal place of business in New York, New York.

31. At all relevant times herein, Defendants John and Jane Does 1 through 100 were executives, officers, employees, agents, and representatives of Fox who perpetrated the wrongdoing alleged herein. At this time, Plaintiff is not privy to the names or identities of the individual defendants, John and Jane Does 1-100, as such knowledge is within the exclusive possession of Fox. Pursuant to CPLR § 1024, the names "John and Jane Does 1-100" are fictitious and meant as placeholders for the individuals at Fox who directed and/or participated in the production of "The Trial of Hunter Biden," and specifically, in the unlawful publication and dissemination of Mr. Biden's Intimate Images.

## JURISDICTION AND VENUE

32. This Court has jurisdiction over the parties and the subject matter of this action pursuant to CPLR §§ 301, 302(a)(1), 302(a)(2), and 302(a)(4).

33. This Court has jurisdiction over this action because the amount of damages Plaintiff seeks, exclusive of punitive damages, interest, costs, disbursements, and attorneys' fees, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and meets the monetary thresholds of the Commercial Division of the Supreme Court.

34. Venue is proper in New York County pursuant to CPLR § 503 because Defendants reside in New York County and a substantial part of the events giving rise to the claims occurred in New York County.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## FIRST CAUSE OF ACTION

### (Violation of New York Civil Rights Law Section 52-b)

35. Mr. Biden repeats and realleges the allegations stated above as if fully set forth herein.

36. Mr. Biden had a reasonable expectation that the Intimate Images, when taken, would remain private and confidential.

37. The Intimate Images depict an unclothed or exposed intimate part of Mr. Biden.

38. The Intimate Images depict Mr. Biden engaging in sexual conduct, as defined in New York State Penal Law § 130.00(10), with another person.

39. Mr. Biden is readily identifiable by his face in the Intimate Images; moreover, the dialogue in "The Trial of Hunter Biden" makes clear that the Intimate Images are of Mr. Biden.

40. The Intimate Images were disseminated and published by Defendants without Mr. Biden's consent.

41. The Intimate Images were disseminated and published by Defendants for the improper purpose of harassing, annoying, and alarming Mr. Biden.

42. The publication and dissemination of the Intimate Images in "The Trial of Hunter Biden" was not made in relation to a matter of legitimate public concern nor is it otherwise protected by the First Amendment of the United States Constitution. On the contrary, the six-part mock trial is a fictionalized trial of a nonexistent case against Mr. Biden which was intended solely as entertainment and not as news.

43. Mr. Biden is entitled to compensatory damages in an amount to be determined upon the trial of this action, his attorneys' fees and court costs, and injunctive relief.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

11 of 15

44. Because Defendants' actions were willful, malicious, and deliberate, evinced a high degree of moral turpitude, and demonstrated a conscious disregard for Plaintiff's interests, wellbeing, and reputation, Mr. Biden is also entitled to an award of punitive damages to punish Defendants for their intentional conduct and to deter Fox and others similarly situated from engaging in such reprehensible conduct in the future.

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

45. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

46. Defendants engaged in the intentional, extreme, and outrageous conduct of publishing and disseminating Plaintiff's Intimate Images.

47. Defendants' conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

48. Defendants' purpose in sharing the Intimate Images was to harass, annoy, alarm, and humiliate him, tarnish his reputation, and cause others to view him in a negative light.

49. In publishing and disseminating the Intimate Images, Defendants intended to cause Mr. Biden severe emotional distress, or alternatively, recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

50. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress.

51. Plaintiff demands judgment against Defendants in an amount to be determined upon the trial of this action, said amount being sufficient to compensate Plaintiff for his severe injuries.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

52. Because Defendants' actions were willful, malicious, and deliberate, evinced a high degree of moral turpitude, and demonstrated a conscious disregard for Plaintiff's interests, wellbeing, and reputation, Mr. Biden is also entitled to an award of punitive damages to punish Defendants for their intentional conduct and to deter Fox and others similarly situated from engaging in such reprehensible conduct in the future.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

53. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

54. In unlawfully publishing and disseminating the Intimate Images of Mr. Biden in violation of New York law, Defendants financially benefited from "The Trial of Hunter Biden" at Mr. Biden's expense.

55. It would be against equity and good conscience to allow Defendants to retain the profits from "The Trial of Hunter Biden," which should be disgorged and paid to Mr. Biden as restitution.

### DEMAND FOR JURY TRIAL

56. Mr. Biden herein demands a trial by jury for all issues in this action.

### PRAYER FOR RELIEF

**WHEREFORE,** Mr. Biden respectfully prays for a judgment against Defendants Fox News Network, LLC, Fox Corporation, and John and Jane Does 1-100 as follows:

a. An award of compensatory damages in an amount exceeding the jurisdictional limits of all lower courts and of the Commercial Division of the Supreme Court to be determined by the trier of fact;

b. An award of punitive damages in an amount exceeding the jurisdictional limits of all lower courts to be determined by the trier of fact;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

c. An order directing Defendants to take down, remove and delete any publication of an Intimate Image of Mr. Biden and to permanently destroy any Intimate Image of Mr. Biden in their possession, custody, or control;

d. A permanent injunction enjoining Defendants from publishing, disseminating, disclosing, posting, or uploading any Intimate Images of Mr. Biden;

e. The disgorgement of profits from "The Trial of Hunter Biden";

f. Reasonable attorneys' fees, together with costs and disbursements;

g. Pre-judgment interest as allowed by law; and

h. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 30, 2024

GERAGOS & GERAGOS, APC

By: _/s/ Tina Glandian_

Tina Glandian, Esq.
256 5th Avenue
New York, New York 10001
(213) 625-3900
tina@geragos.com

*Attorneys for Plaintiff Robert Hunter Biden*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# **VERIFICATION**

STATE OF NEW YORK

) ss.:

COUNTY OF NEW YORK

TINA GLANDIAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am the attorney for the Plaintiff in the above-entitled action with offices located at 256 5th Avenue, New York, New York, 10001.

2. I have read the foregoing Complaint and know the contents thereof to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

3. This verification is made pursuant to CPLR § 3020(d)(3), as the Plaintiff named herein is not located in the County in which I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are based upon conversations with the Plaintiff and a review of materials relevant to this matter.

Dated: New York, New York
June 30, 2024

                                                                */s/ Tina Glandian*
                                                                TINA GLANDIAN

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

15 of 15